UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NED MINGUS, No. 092133    No. 05-73842

    Plaintiff,    District Judge Marianne O. Battani

v.    Magistrate Judge R. Steven Whalen

SHERILYN BUTLER,

    Defendant.
_____/

**ORDER**

    Before the Court are Plaintiff's Motion for an Order Directing that the Michigan Department of Corrections (MDOC) Release Defendant Butler's Current Address [Docket #10], and Motion for Order Directing Substitute Service [Docket #12].

    Plaintiff is an inmate in the custody of the MDOC, proceeding *pro se*. At the time the cause of action accrued, Defendant Butler was employed by the MDOC at the Cotton Correctional Facility in Jackson, Michigan. According to his Motion, the Plaintiff attempted service on Butler at that institution, by certified mail, but was informed that Butler was no longer employed there. He states that follow-up inquiries revealed that Butler is no longer employed by the MDOC, and that prison officials denied his request to be provided with Butler's address.

    Without suggesting that this Plaintiff has any nefarious schemes in mind, the Court recognizes that the MDOC has legitimate reasons for not providing inmates with the home

-1-

addresses of its employees or former employees. The Court also recognizes the relative disadvantages borne by a *pro se* inmate-plaintiff *vis-a-vis* a litigant in free society who is represented by counsel. This Plaintiff's problem is that he needs a practical way to serve a summons and complaint on the Defendant. The Federal Rules of Civil Procedure provide a practical solution to that problem

Fed.R.Civ.P. 4(c)(2) provides that "[a]t the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose." The Federal Rules also provide for discovery from non-parties. *See* Fed.R.Civ.P. 37(a)(1); Fed.R.Civ.P. 45; *United States ex rel Pogue v. Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462, 468 (6th Cir. 2006).

In his motion to release Butler's address [Docket #10], the Plaintiff is, in essence, asking for discovery from the MDOC. In his motion for alternative service [Docket #12], he is in effect asking for service by the United States Marshal under Rule 4(c)(2).

Although the Court is disinclined to provide Defendant Butler's home address to the Plaintiff, it would be appropriate to direct the MDOC to provide her last known address to the Court *in camera*, subject to a protective order that it will not be provided to the Plaintiff himself. The Court will then construe Plaintiff's motion for alternative service [Docket #12] as a motion for Marshal's service, and direct the U.S. Marshal to serve a summons and complaint on Butler at the address provided by the MDOC.

Finally, the Court notes that the Complaint was filed on October 6, 2005, more than

120 days ago.  However, Fed.R.Civ.P. 4(m) provides that when service of a summons and complaint is not made within 120 days after filing the complaint, the court may *sua sponte* extend the time for service.  Under the circumstances of this case, the interests of justice strongly suggest that Plaintiff be given additional time for service.

IT IS THEREFORE ORDERED that Plaintiff's motion to release Defendant Butler's address [Docket #10] is GRANTED, subject to a protective order that the address shall not be provided to the Plaintiff himself.  Instead, the Michigan Department of Corrections shall provide the last known home address of Defendant Sherilyn Butler and, if she is employed by the MDOC, her current work address, to this Court for *in camera* review.  The Court will in turn provide this address to the United States Marshal for purposes of service of process.

IT IS FURTHER ORDERED that Plaintiff's motion for alternative service [Docket #12] is construed as a request for Marshal's service under Fed.R.Civ.P. 4(c)(2), and is GRANTED.  Upon being provided with Butler's address, and with a copy of a summons and complaint from the Plaintiff, the Court will enter a separate order directing Marshal's service.

IT IS FURTHER ORDERED, pursuant to Fed.R.Civ.P. 4(m), that the time for service of the complaint and summons is extended 90 days from the date of this Order.

IT IS FURTHER ORDERED that within 21 days of the date of this Order, Plaintiff shall send an additional copy of a summons and complaint directly to:

    Hon. R. Steven Whalen  
    673 Theodore Levin United States Courthouse  
    231 W. Lafayette Blvd.  
    Detroit, MI 48226

        S/R. Steven Whalen  
        R. STEVEN WHALEN  
        UNITED STATES MAGISTRATE JUDGE

Dated: March 28, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 28, 2007.

        s/G. Wilson  
        Judicial Assistant