UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NED L. MINGUS,

       Plaintiff,                         Case No. 05-73842

                                                Hon. Marianne O. Battani
v.                                           U.S. District Judge
                                                Hon. R. Steven Whalen
SHERILYN BUTLER,                  U.S. Magistrate Judge

       Defendant.
_____/

**REPORT AND RECOMMENDATION RE: RESTRAINING ORDER**

On October 6, 2005, Plaintiff, a prison inmate in the custody of the Michigan Department of Corrections (MDOC), filed a *pro se* complaint under 42 U.S.C. §1983. Defendant Butler was, during the time relevant to the complaint, a registered nurse employed by the MDOC. Before the Court is Plaintiff's Motion for a Restraining Order [Docket #13], in which he asks this Court to restrain enforcement of a MDOC Director's Office Memorandum ("DOM"), restricting "Legal Assistance Agreements" between inmates.

For the reasons discussed below, I recommend that Plaintiff's motion be DENIED.

### I. BACKGROUND

Prior to January of 2007, the MDOC sanctioned a program whereby inmates who were not represented by counsel could receive the assistance of other inmates through Legal Assistance Agreements, relative to matters relating to their criminal conviction or conditions

of confinement. Effective January 1, 2007, MDOC Director Patricia J. Caruso issued DOM 2007-5, which eliminated Legal Assistance Agreements. Noting pervasive abuse and inappropriate use of the Agreements, DOM 2007-5 states:

> "After a careful evaluation of this continuing problem, I have determined that this conduct poses a threat to the custody and security of our institutions; therefore, prisoners shall no longer be allowed to enter into legal assistance agreements. Legal assistance will continue to be provided to eligible prisoners through the Legal Writer Program. In addition, prisoners shall continue to have access to law libraries for legal research as set forth in PD 05.03.115 'Law Libraries.'"

Under DOM 2007-5, eligibility for assistance from the Legal Writer Program is limited to inmates who (1) do not have a GED or high school diploma; (2) do not speak, read or write English; (3) has a physical or mental impairment that affects the ability to use a law library or file "legible and coherent" pleadings; or (4) is undergoing reception center processing.

The MDOC has determined that Plaintiff Mingus does not meet any of the criteria for legal assistance. Plaintiff previously had a Legal Assistance Agreement with another inmate, which expired in February of 2007. Plaintiff now asks this Court to enjoin enforcement of DOM 2007-5.

## II. STANDARDS FOR GRANTING INJUNCTIVE RELIEF

In determining whether to grant a preliminary injunction or TRO, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial

harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Injunctive relief is an extraordinary remedy, "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Id.*; *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). The level of proof required for the Plaintiff to obtain a preliminary injunction or TRO "is much more stringent than the proof required to survive a summary judgment motion." *Id.*

### III. ANALYSIS

Plaintiff has no likelihood of success on this particular issue. First, Defendant Butler, according to her response, is no longer employed by the MDOC. Further when she was

employed, she was a nurse, who had no authority whatsoever regarding legal assistant agreements. DOM 2007-5 was issued by the Director of the MDOC, Patricia L. Caruso, who is not a party to this lawsuit and who has not been served. Nor is the MDOC a party to this action. Thus, this Court does not have personal jurisdiction over Caruso or the MDOC, and cannot enter an injunctive order against them. *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006); Fed.R.Civ.P. 12(b)(2).

In addition, Plaintiff would have a poor chance of success on the merits. "It is clear in this circuit that an inmate does not have an independent right to help other prisoners with their legal claims. *See Gibbs v. Hopkins,* 10 F.3d 373, 378 (6th Cir.1993). Rather, a 'jailhouse lawyer's' right to assist another prisoner is wholly derivative of that prisoner's right of access to the courts; prison officials may prohibit or limit jailhouse lawyering unless doing so interferes with an inmate's ability to present his grievances to a court. *Id.*" *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir.1999). DOM 2007-5, by its terms, sets forth circumstances under which an inmate may request legal assistance from the Legal Writer Program in order to vindicate the right of access to the courts. The Plaintiff does not fall within those circumstances.[1] Furthermore, absent a clear showing of a constitutional violation, "prison regulations are allowed to infringe on prisoners' rights as long as they are rationally related to a legitimate penological concern." *Id.*, citing *Turner v. Safley,* 482 U.S. 78, 107 S.Ct.

---

[1] If Plaintiff believes that he being wrongfully denied assistance because he *does* fall within the DOM, his initial remedy lies with the MDOC grievance procedure. *See* 42 U.S.C. §1997e(a).

2254, 96 L.Ed.2d 64 (1987). *See also Olim v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983).

Because Plaintiff cannot succeed on the merits of this claim, it is not necessary to examine the other factors at any length. *Gonzales, supra.* While Plaintiff might benefit from the assistance of an inmate paralegal, he has not shown that he will be irreparably harmed if required to proceed on his own. On the other hand, given Director Caruso's reasons for eliminating or restricting the legal assistance program, as set forth in the DOM, coupled with this Court's reluctance to micromanage or second-guess State corrections officials, there would be a harm to the efficient and orderly management of Michigan prisons and to the security concerns of the MDOC if an injunction were issued. Nor would judicial interference in prison management, absent a clear constitutional violation, be in the public interest.

### IV. CONCLUSION

Accordingly, I recommend that Plaintiff's Motion for a Restraining Order [Docket #13] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and

Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.

The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: August 24, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 24, 2007.

S/G. Wilson
Judicial Assistant
