**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NED MINGUS, No. 092133,

  Plaintiff,         Case No. 05-73842

                Hon. Marianne O. Battani

v.

                Magistrate Judge R. Steven Whalen

SHERILYN BUTLER,

  Defendant.

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court has reviewed Magistrate Judge R. Steven Whalen's Report and Recommendation dated August 21, 2008, and Defendant's objections (Doc. No. 46). For the reasons that follow, the Court **ADOPTS** the Report and Recommendation and **REJECTS** the objections

**I. INTRODUCTION**

Ned Mingus filed this action against Defendant, Sherilyn Butler, alleging that she refused to provide him with either key locks or a single occupancy cell in violation of the American with Disabilities Act, 42 U.S.C. § 1983, and the Equal Protection Clause of the Fourteenth Amendment. Mingus is a prisoner housed in a Michigan Department of Corrections facility. He alleges that he suffers from macular degeneration, and that Butler, who was the Health Unit Manager at the facility where he was housed, refused to place him in a single room despite knowledge that his medical problems created a substantial risk of serious harm from other inmates.

The case was referred to Magistrate Judge R. Steven Whalen for all pretrial proceedings. See 28 U.S.C. § 636(b)(1). Defendant filed a Motion for Summary Judgment, and in his Report and Recommendation ("R&R"), Magistrate Judge Whalen recommended that the motion be granted in part and denied in part. See Doc. No. 45. Defendant timely filed objections, which are now before the Court.

**II.   STANDARD OF REVIEW**

In cases where a magistrate judge has submitted a report and recommendation, and a party has properly filed objections to it, the district court must conduct a *de novo* review of those parts of the report and recommendation to which the party objects. 28 U.S.C. § 636(b)(1).

**III. ANALYSIS**

Defendant raises four objections. First, she argues that the Magistrate Judge erred in concluding that the ADA claim against her in her official capacity is not barred by sovereign immunity.[1] Her contention is undermined by United States v. Georgia, 546 U.S. 151 (2006) (considering congressional abrogation of sovereign immunity under Section 5 of the Fourteenth Amendment in the context of Title II of the Americans with Disabilities Act of 1990, § 12131-- § 12165 ("Title II of the ADA")). The Court held that "insofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity". Id. Accordingly, Defendant's reliance on cases from the Sixth Circuit Court of

---

[1]Butler also asks the Court to dismiss Platiniff's request for punitive damages, an issue the R&R does not address. The issue was not raised, and the Court declines to address this issue by way of objection.

Appeals, which were decided before the United States v. Georgia decision, is misplaced.

Next, Defendant maintains that she is entitled to qualified immunity on the Eighth Amendment claims. Butler advances no new argument and does not specify how the exhibits upon which the Magistrate Judge relied support her argument. The objection merely repeats the standard that must be met and concludes the standard is not met. This bald assertion provides no adequate basis for rejecting the R&R.

Butler's third objection is that the analysis in the R&R relative to Plaintiff's equal protection claims is faulty. Defendant does not dispute that the claim is reviewed under the rational basis test, or that the Magistrate Judge applied that standard. Butler does posit that the record lacks evidence upon which to conclude her decision was not rational. The Court disagrees.

The Equal Protection Clause of the Fourteenth Amendment forbids states from denying "equal protection of the laws." U.S. Const. Amend. XIV § 1. Because Plaintiff is not a member of a suspect class for purposes of equal protection analysis, he must show that Defendant's refusal to place him in a single occupancy cell "lacks[s] a rational relationship to a legitimate governmental purpose." Tennessee v. Lane, 541 U.S. 509, 522 (2004). In concluding that Plaintiff met his burden, the Magistrate Judge noted the existence of evidence that "Butler was actually aware of both the underlying medical condition and the substantial risk that it created, and that she disregarded that risk." R&R at 15. The guideline for single occupancy cells requires Health Care to order a single person cell only when "medically necessary." See R&R at 16. Here, Plaintiff had severe vision problems, a condition that subjected him to victimization by cell mates. Further, the record is not disputed that similarly disabled prisoners "were provided with single-

occupancy rooms." Id., citing Compl. at 12. Butler argues that she reviewed the medical records and concluded that Plaintiff did not meet the criteria. Because no reasoning is offered, there is no basis for the Court to assess whether the decision meets the standard.

The last objection challenges the conclusion that the Court should entertain Plaintiff's request for injunctive relief. Defendant reviews the factors relevant to evaluating the merits of a preliminary injunction and concludes that these factors are met, and further, that the Court should not substitute its judgment for Butler's. This argument was addressed in the R&R. "MDOC has not complied with Plaintiff's request for a single person cell. The district court found previously that a question of fact remained as to whether the deprivation of a single-occupancy room constituted deliberate indifference, further allowing Plaintiff's claims for prospective injunctive relief under the ADA to proceed." Id. at 17-18 (internal punctuation omitted). Defendant's objection does not specify how that conclusion is unwarranted under governing law. The issue of the availability of injunctive relief, should Plaintiff prevail on the merits of his ADA claim, cannot be dismissed prior to resolution of the merits.

**IV. CONCLUSION**

In sum, the Court finds that the reasoning in the Report and Recommendation is sound. It is supported by the facts of this case and governing case law and Defendant's objections are meritless.

Accordingly, the Court **ADOPTS** the Report and Recommendation. Specifically, Plaintiff's ADA claims brought against Defendant in her individual capacity are **DISMISSED**, Defendant's request for dismissal of claims for money damages under the ADA in her

4

official capacity are **DENIED**. Plaintiff's claims for monetary damages under § 1983 against Butler in her official capacity are **DISMISSED**. Defendant's request for dismissal on the ground of qualified immunity is **DENIED**. Defendant's request for dismissal of Plaintiff's Fourteenth Amendment equal protection claims is **DENIED**. Defendant's request for dismissal of Plaintiff's request for injunctive relief regarding the issuance of key locks is **GRANTED**. Defendants' request for dismissal of Plaintiff's remaining claims for injunctive relief is **DENIED**.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: September 19, 2008

CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or e-filed to Plaintiff and counsel of record on this date.

s/Bernadette M. Thebolt
Deputy Clerk

5