UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NED MINGUS, No. 092133 | No. 05-73842 |
| Plaintiff, | District Judge Marianne O. Battani |
| v. | Magistrate Judge R. Steven Whalen |
| SHERILYN BUTLER, | |
| Defendant. | |
| _____ / | |

# REPORT AND RECOMMENDATION

Before the Court are *Defendant's Motion for Summary Judgment as to the Plaintiff's Request for Injunctive Relief* [Docket #56], filed February 4, 2010 and *Defendant Butler's Motion for Summary Judgment* [Docket #60], filed March 9, 2010 which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend the following:

1. Defendant's Motion for Summary Judgment as to the Plaintiff's Request for Injunctive Relief [Docket #56] should be GRANTED on the basis of mootness.

2. Defendant Butler's Motion for Summary Judgment [Docket #60] should be GRANTED as to both individual capacity Fourteenth Amendment claims and official capacity ADA claims.

3. The case should be DISMISSED WITH PREJUDICE.

# I. FACTUAL AND PROCEDURAL BACKGROUND[1]

## A. Case No. 03-60095

Plaintiff, a Michigan Department of Corrections (MDOC) inmate, originally filed suit on May 2, 2003, alleging federal claims under 42 U.S.C. §1983, the Americans with Disability Act ("ADA") and a state law claim of gross negligence. Case No. 03-60095. Plaintiff, allegedly suffering from macular degeneration along with other physical infirmities, claimed that Defendants Drs. Antonini and Ahmed, as well as Defendant Correctional Medical Services ("CMS") were deliberately indifferent to his medical needs, based on a denial of his request for referral to an off-site orthopedic clinic, and the failure to treat his hip condition. Plaintiff alleged further that Defendant Antonini knowingly prescribed medication that exacerbated his vision problems.

Plaintiff also brought Eighth Amendment and ADA claims against Defendants Smith, Butler, and Epp for denying grievances related to this issue and for refusing to refer him to an outside clinic. Plaintiff also alleged that Defendant Butler, R.N., then Health Unit Manager at the Cotton Correctional Facility, refused to accommodate his need for both a single room and key lock. Plaintiff alleged that Defendant Butler refused to place him in a single room knowing that as a result of his medical and vision problems, he faced a substantial risk of serious harm from other inmates.

---

[1]The current factual and procedural background is drawn in large part from my August 21, 2008 Report and Recommendation. *Docket #45.*

On April 8, 2004, the Honorable Marianne O. Battani dismissed claims against Defendants CMS, Epp, Smith, and Straub on the basis that Plaintiff had failed to exhaust his administrative remedies before filing suit, but denied a motion for dismissal by Defendants Antonini and Ahmed. Case No. 03-60095, *Docket #33* at 5. The district court also denied Defendant Butler's motion to dismiss and/or summary judgment of either the Eighth Amendment or ADA claims, stating as follows:

> "The Court finds that Plaintiff has alleged sufficient facts to resist dismissal. During the period of the alleged unconstitutional conduct, Defendant Butler, a Registered Nurse, was the Health Unit Manager at the Cotton Correctional Facility. Plaintiff claims that Butler was aware of his need for a single-occupancy room, key operated locks, and a referral to an orthopedic specialist. Without assessing whether Plaintiff can ultimately succeed on his §1983 claim, the Court observes that there is considerable evidence in the record indicating Butler was aware of several of Plaintiff's medical 'needs.' In two letters to Butler, dated March 1 and 16, 2002, Plaintiff explained that he needed a single room with key locks because his deteriorating eyesight left him and his property vulnerable to predators. On March 31, 2002, Plaintiff filed Grievance No. JCF 02-01-0820-12-I, describing his eyesight problems and alleging that Butler improperly denied his request for a single room. Assuming that these factual allegations are true, the Court finds that Plaintiff has offered enough evidence to support his claim that Butler approved and knowingly acquiesced in the alleged unconstitutional conduct."

*Id*. at 9.

On March 10, 2005, the district court granted in part and denied in part Defendant Butler's renewed motion for dismissal and/or summary judgment, finding that because Plaintiff's ADA claims sounded in equal protection rather than due process, he was not entitled to money damages under the Act but could seek injunctive remedies. Case No. 03-

60095, *Docket #55* at 3; *Tennessee v. Lane,* 541 U.S. 509, 124 S. Ct., 158 L.Ed.2d 820 (2004). The district court otherwise denied Defendant Butler's motion, adopting the undersigned's finding that she was not entitled dismissal on the basis of qualified immunity. The district court set forth the surviving allegations as follows:

> "Plaintiff's 28 U.S.C. §1983 claim is permitted to proceed only insofar as it alleges Defendant exhibited deliberate indifference as a supervisor in failing to provide him with a single-occupancy room or a keyed lock. . . . Plaintiff's ADA Title II claim is permitted to proceed only insofar as it seeks prospective injunctive relief against Defendant in her official capacity."

*Id.*, *Docket #55* at 4.

On August 11, 2005, the parties stipulated to dismissal of the surviving claims without prejudice.

**B. The Present Case**

On October 6, 2005, Plaintiff again filed suit, naming only Defendant Butler. Plaintiff's current factual allegations are limited to Butler's refusal to provide him with either key locks or a single-occupancy cell and are essentially identical to the claims which survived summary judgment in the previous case. *Id.*, *Docket #55* at 4.

Specifically, Plaintiff alleges that on February 16, 2002, he requested a single-occupancy room, maintaining that because of his deteriorating eyesight as a result of macular degeneration and cataracts, "he could no longer see to open his locks or protect his property," resulting in the theft of his property by other inmates. *Complaint* at ¶8. On March 2, 2002,

Plaintiff made a written request to Defendant Butler after being informed by former defendant Antonini that Defendant Butler was "the person in charge of handling single-occupancy room requests." *Id.* at ¶9. Plaintiff alleges that at the time he made the request, "he could no longer see the combinations of his locks." *Id.* On March 11 and 13, 2002, Plaintiff again requested a single-occupancy cell. *Id.* at ¶10. He was informed by staff nurse Mallo that she had discussed the matter with Defendant Butler, who informed her that "Plaintiff did not meet the criteria for a single-occupancy room." *Id.* However, Mallo informed Plaintiff that "arrangements would be made for [him] to receive two key-operated locks." *Id.* On March 16, 2002, Plaintiff again wrote to Defendant Butler, noting that while some of the single-occupancy cells were being used by disabled prisoners, a number of the individuals currently occupying single cells did not qualify for such housing. *Id.* at ¶11. Defendant Butler again informed Plaintiff that he did not qualify for a single-occupancy room. *Id.* Plaintiff alleges that as of October 6, 2005, he had not received a "key operated" lock despite a July 30, 2003 physician's order directing that he be provided with the key operated lock. *Id.* at ¶¶30-31. Subsequent pleadings indicate that Plaintiff did not receive a key lock until November 8, 2006. *Docket #38*, Exhibit 13 at pg. 44.

On September 19, 2008, the Honorable Marianne O. Battani, adopting my recommendation, 1) dismissed ADA Claims against Defendant Butler in her individual capacity, 2) denied Butler's motion for dismissal of the official capacity claims for monetary damages under the ADA, 3) dismissed 42 U.S.C. §1983 claims for monetary damages against

Defendant in her official capacity, 4) denied Defendant's motion for dismissal on the basis on qualified immunity as to the Eighth Amendment claims, 5) denied Defendant's motion for dismissal of the Fourteenth Amendment equal protection claims, 6) denied the request for injunctive relief regarding the issuance of key locks on the basis of mootness 7) denied the motion for dismissal of Plaintiff's remaining claims for injunctive relief.

Defendant appealed the district court's denial of summary judgment. On January 5, 2010, the Sixth Circuit affirmed in part and reversed in part the district court's decision, reversing the denial of summary judgment on the Eighth Amendment claims. *Mingus v. Butler* 591 F.3d 474, 481 (6th Cir. 2010). The Sixth Circuit, noting that Defendant had not provided facts supporting a rational basis for denying Plaintiff a single room under either the Fourteenth Amendment or ADA, declined to consider Defendant's argument for qualified immunity on the Fourteenth Amendment claims because the issue had not been raised before the district court. *Id.* at 483.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable

inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. ANALYSIS

### A. Injunctive Relief [Docket #56]

Laura Heinritz, Classification Director for the MDOC, states that "Plaintiff was placed in a single cell on August 5, 2009. There is no expiration date for this placement." *Docket #56,* Exhibit A, *Affidavit of Laura Heinritz* at ¶5.

"Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 1986). Plaintiff, arguing in effect that Defendant cannot be trusted to keep him in a single cell indefinitely, instead urges this Court to issue a permanent injunction. *Response, Docket #59* at 3. However, the law is clear that injunctive relief should not issue where the claimed future damage is speculative or may never occur. *Sharp v. Cureton*, 319 F.3d 259, 272 (6th Cir. 2003). Plaintiff's indefinite placement in the single cell moots his remaining claim for injunctive relief.

### B. Fourteenth Amendment Claims/Qualified Immunity [Docket #60]

Defendant argues that she is entitled to qualified immunity. *Defendant's Brief* at 3-5. First, citing the *Bureau of Health Care Services Guidelines,* she contends that her interpretation of the MDOC publication provides a rational basis for her denial of the single cell. *Defendant's Brief* at 4. Second, she argues that by acting in reliance of the guidelines, she did not violate any clearly established laws. *Id.* at 5.

Defendant acknowledges that although it listed qualified immunity among its affirmative defenses, its previous motion for summary judgment did not raise this defense as

to the Fourteenth Amendment claims. *Defendant's Brief* at 3; *see also Mingus,* 591 F.3d at 483-484. The Court can nonetheless consider Defendant's current argument. "[A]qualified immunity defense can be raised at various stages of the litigation including at the pleading stage in a motion to dismiss, after discovery in a motion for summary judgment, or as an affirmative defense at trial." *English v. Dyke,* 23 F.3d 1086, 1089 (6th Cir. 1994)(*citing Kennedy v. City of Cleveland*, 797 F.2d 297, 300 (6th Cir.1986)); *see also McCloud v. Testa,* 97 F.3d 1536, 1562 (6th Cir. 1996)("qualified immunity may become available . . . as the facts are crystallized or the relevant state/county law is developed before the district court at any time up to or including the conclusion of trial").

There are generally two inquiries in a qualified immunity analysis: (1) did the defendant violate a constitutional right, and (2) was the right clearly established to the extent that a reasonable person in the defendant's position would know that the conduct complained of was unlawful. *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). More recently the Supreme Court reconsidered the sequential inquiry set forth in *Saucier,* concluding that "while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory." *Pearson v. Callahan,* --- U.S. ----, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

As noted by the Sixth Circuit, Defendant's previous motion "did not point to facts in the record showing her rational basis for denying [Plaintiff] a single-occupancy room." *Mingus,* 591 F.3d at 483. However here, Defendant cites the *Bureau of Health Care Services*

*Guidelines* which lists gender identity disorder and paraplegic disability as the "[m]edical conditions which *may* require a single person cell" as well as "[a]ny psychological condition which impairs a patient's ability, on a long or short term basis, to adjust to a multiple person living setting." *Docket #60, Exhibit 11.* Although the Court previously denied Defendant's motion for summary judgment on the Fourteenth Amendment claim, Defendant has now provided evidence to show that the denial of the single room was based on a reasonable interpretation of the MDOC's guidelines. Further, although the Sixth Circuit declined to consider Defendant's argument for qualified immunity on the Fourteenth Amendment claims, the conclusions as to the Eighth Amendment claims are noteworthy as to whether Butler's denial of the single cell lacked a rational basis:

> "In deciding whether to grant Mingus a single-occupancy room, Butler or her subordinates considered Mingus's health care request and the prison's Guidelines, and concluded that the 'inmate does not meet the criteria for single man cell.' The Guidelines document, which Mingus has not disputed, lists only two 'medical conditions' and a category of 'psychological conditions which may require a single person cell.' While it is possible that Butler did not read this last provision with enough breadth to cover Mingus's request, her decision does not evince 'deliberate indifference' to Mingus's plight."

591 F.3d at 481. Likewise presently, Defendant has shown that her denial of a single cell room was rational. While Plaintiff also contends that single cells were issued to less impaired individuals than himself, Defendant denies all personal involvement in the issuance of single rooms to more "able bodied inmates," noting that "[i]f custody staff did place able bodied prisoners in a single man cell, I had no control over that decision." *Affidavit of Sherilyn Butler* at ¶4*, Exhibit 12, Docket #60.* Because Plaintiff has established a rational basis for her

denial of the single room, *i.e.,* her interpretation of existing MDOC policy, she is entitled to qualified immunity.

### C. ADA Claims Against Butler[2]

Plaintiff's Title II ADA claims are also dismissible. Pursuant to Eleventh Amendment sovereign immunity, monetary damages for Title II ADA violations are unavailable. *See* Case No. 03-60095, *Docket #55* at 2; *Tennessee v. Lane,* 541 U.S. 509, 124 S. Ct., 158 L.Ed.2d 820 (2004); *Popovich v. Cuyahoga County Ct. Of Com. Pl.*, 276 F.3d 308 (6th Cir. 2002). While damages are not barred for acts violating *both* the Equal Protection Clause of the Fourteenth Amendment and Title II of the ADA, as discussed above, Plaintiff cannot show violations of the Fourteenth Amendment. Pursuant to *Popovich,* he would not be entitled to damages on the now freestanding Title II claim. In addition, Plaintiff's requests for injunctive relief pursuant to the ADA were mooted by his August, 2009 placement in a single cell. In any case, because Plaintiff is presently unable to obtain either monetary damages or injunctive relief under Title II of the ADA, this claim is subject to dismissal.

### IV. CONCLUSION

For these reasons, I recommend the following:

---

[2]ADA claims against Defendant in her personal capacity were dismissed on March 10, 2005. Case no. 03-60095, *Docket #55* at 1; *Id.*; *Docket #49* at 18-20 (*citing Key v. Grayson*, 163 F.Supp. 2d 697, 715-715 (E.D. Mich. 2001)(Gadola, J.)(no individual liability under Title II of the ADA).

1. Defendant's Motion for Summary Judgment as to the Plaintiff's Request for Injunctive Relief [Docket #56] should be GRANTED on the basis of mootness.

2. Defendant Butler's Motion for Summary Judgment [Docket #60] should be GRANTED as to both the individual capacity Fourteenth Amendment claims and official capacity ADA claims.

3. The case should be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                S/R. Steven Whalen
                R. STEVEN WHALEN
                UNITED STATES MAGISTRATE JUDGE

Dated: June 24, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 24, 2010.

                S/G. Wilson
                Judicial Assistant